Deaderick, O. J.,
delivered tbe opinion of tbe court.
This action was commenced in tbe circuit court of Biamblen county, upon a note executed by Thornhill for $514, *389 payable to intestate of plaintiffs, one day after date, and dated November 30, 1859.
John Lawrence, the payee of the note, died November 17, 1866, and plaintiffs administered upon his estate on 1st of January, 1872, and brought this suit on the 24th of February, 1873.
Upon the plea of the statute of limitations, by consent of the parties, the cause was submitted to the determination of the circuit judge,' without the intervention of a jury.
His judgment was in favor of the defendant, and plaintiffs have appealed to this court.
The argument for plaintiffs is that the statute of limitations was not running at the death of the payee, having been suspended by the constitution of 1865 [schedule, sec. 4], and that it did not begin to run again until the appointment and qualifications of a personal representative of the deceased payee of the note.
The act of 1865 [ch. 10, sec. 1; Shannon’s Code, sec. 4454], provides that the statute of limitations shall not.be held to operate, or the time be computed, from 6th of May, 1861, to 1st of January, 1867, and from and after the 1st of January, 1867, the statute of limitations shall commence its operation according ff> existing laws.
When the note fell due, Lawrence^ the payee, was alive, and then had a right of action. This right accruing to him in his lifetime, the statute of limitations began to run against it, and if not followed up by suit within six years after it accrued, would have been barred, notwithstanding his death, unless the act referred to, and the want of any representative capable of suing, shall save it.
Where the right of action accrues after the death of the party entitled, .as where a note falls due after the death of the payee, the statute does not begin to run until the grant of administration, for there is at the time that the right of *390 action, accrued no^ person in being capable of suing. 2 Gr. Ev., sec. 435.
It is upon this ground, in the case of Thurman v. Shelton, 10 Yer., 387, where Shelton, who was insane, conveyed his slaves in 1816, and died in 1818, and no administration on his estate was granted until in 1836 [with three years of 1836], that the court held that the statute of limitations never began to run until the grant of administration. Because Shelton was incapable of suing, by reason of his insanity, and because the distributees could not sue without an administration upon the estate, there was, therefore, no one capable of suing until an administrator was appointed, and the statute does not begin to run until there is a person capable of suing.
But when the statute has once begun to run, no disability subsequently arising, will arrest its progress. Hence, if a right of action accrues to A, who is under no disabilty, and he dies the next day, the statute continues to run, although his representatives may be infants. 2 Gr. Ev., sec. 439; [Shute v. Wade], 5 Yer., 1; Jones v. Swanson, 3 Head, 161.
It is clear, therefore, unless the provisions and operation of the act of 1865 changes this rule of construction, that the right in this-case was barred. We think it obvious from the language of the act itself, that its only purpose was to exclude from computation the time between 6th of Hay, 1861, and 1st of January, 1867, from which latter period the act says the “said statute of limitations shall commence' its operation, according to existing laws.”
We have seen that according to the laws existing at the time of the passage of this act of 1865, the statute, when if began to run, continued to run, notwithstanding the party having once had the right to sue had died and left no one to represent him, capable of suing. And this act of T865 was not intended to restrict or change the law in this par *391 tieular, but to enlarge the time within which the right to sue might be exercised.
It suspends the operation of the statute for a time, but declares it shall again begin to run on 1st of January, 1867, without any modifying or qualifying words.
We are of opinion, therefore, that the judgment of the circuit judge was correct, and affirm it.